UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM DEFELICE, et al.,
Individually, and on behalf of all
others similarly situated,

    Plaintiffs,

v.                                                      CASE NO.: 5:25-cv-354-AW-MJF

EASTERN SHIPBUILDING
GROUP, INC., a Florida profit
Corporation,

    Defendant.
_____/

## DEFENDANT EASTERN SHIPBUILDING GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, EASTERN SHIPBUILDING GROUP, INC. ("Defendant"), pursuant to Federal Rules of Civil Procedure 8 and 12, files its Answer and Affirmative Defenses to the Complaint and Demand for Jury Trial ("Complaint") filed by Plaintiffs, WILLIAM DEFELICE, et al. ("Plaintiffs"), and states:

### NATURE OF ACTION

1.    Defendant admits that Plaintiffs' Complaint purports to bring claims pursuant to the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§

2101 *et seq.* (the "WARN Act"). Defendant denies that the WARN Act is applicable to the allegations set forth in the Complaint, and denies that it violated the law with respect to Plaintiffs in any way, shape, or form.

2. Defendant admits that Plaintiffs are formerly employees of Defendant, but denies the remaining allegations in Paragraph 2 of the Complaint and denies that Plaintiffs are entitled to damages, and further denies that they are entitled to bring this action on behalf of a proposed class.

3. Defendant denies the allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Defendant admits the allegations in Paragraph 4 of the Complaint for jurisdictional purposes only.

5. Defendant admits the allegations in Paragraph 5 of the Complaint for venue purposes only, but denies that it violated the law with respect to Plaintiffs in any way, shape, or form.

## PARTIES

6. Defendant admits that it is a Florida for-profit corporation, but denies that 1001 E. Highway 98, Panama City, Florida 32401 is the address of its principal place of business.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant admits that what Plaintiff has labeled the "Eastern Gulf Coast Shipyards" were utilized, in part, for building vessels under the OPC program for the United States Coast Guard, but denies that the Eastern Gulf Coast Shipyards were *solely* devoted to building *only* those vessels.

10. The allegations in Paragraph 10 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

11. Defendant is without knowledge as to Plaintiff William Defelice's residence, and therefore, denies the allegations concerning the same. Defendant admits the remaining allegations in Paragraph 11.

12. The allegations in Paragraph 12 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

13. Defendant is without knowledge as to Plaintiff Jorge Gonzalez's residence, and therefore, denies the allegations concerning the same. Defendant admits the remaining allegations in Paragraph 13.

14. The allegations in Paragraph 14 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

15. Defendant is without knowledge as to Plaintiff Jason M. Rule's residence, and therefore, denies the allegations concerning the same. Defendant admits the remaining allegations in Paragraph 15.

16. The allegations in Paragraph 16 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

17. Defendant is without knowledge as to Plaintiff Taylor Sanders' residence, and therefore, denies the allegations concerning the same. Defendant admits the remaining allegations in Paragraph 17.

18. The allegations in Paragraph 18 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

19. Defendant is without knowledge as to Plaintiff Lott Warren Middlemas IV's residence, and therefore, denies the allegations concerning the same. Defendant admits the remaining allegations in Paragraph 19.

20. The allegations in Paragraph 20 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

21. Defendant is without knowledge as to Plaintiff Caleb Daniel's residence, and therefore, denies the allegations concerning the same. Defendant admits the remaining allegations in Paragraph 21.

22. The allegations in Paragraph 22 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

23. Defendant is without knowledge as to Plaintiff Victor R. Stillgess Jr.'s residence, and therefore, denies the allegations concerning the same. Defendant admits the remaining allegations in Paragraph 23.

24. The allegations in Paragraph 24 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

25. Defendant is without knowledge as to Plaintiff Heather Dunn's residence, and therefore, denies the allegations concerning the same. Defendant admits the remaining allegations in Paragraph 25.

26. The allegations in Paragraph 26 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same

## FACTUAL ALLEGATIONS

27. Defendant admits the allegations in Paragraph 27.

28. Defendant admits the allegations in Paragraph 28.

29. Defendant is without sufficient knowledge as to the allegations in Paragraph 29, and therefore, denies the same.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant is without sufficient knowledge of the allegations in Paragraph 32, and therefore, denies the same.

33. Defendant is without sufficient knowledge of the allegations in Paragraph 33, and therefore, denies the same.

34. Defendant admits the allegations in Paragraph 34 .

35. Defendant is without sufficient knowledge of the allegations in Paragraph 35, and therefore, denies the same.

36. Defendant is without sufficient knowledge as to the allegations in Paragraph 36, and therefore, denies the same.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. The allegations in Paragraph 42 comprise legal conclusions, therefore, no response is required. To the extent that a response is required, however, Defendant denies the same.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. The allegations in Paragraph 46 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same, and further denies that it is liable to Plaintiffs in any way, shape, or form.

## **CLASS ACTION ALLEGATIONS**

47. Defendant admits that Plaintiffs purport to bring Counts I and II on a class basis, but denies that any other individuals are similarly situated to Plaintiffs, denies that class treatment is appropriate in this matter and further denies that Plaintiffs are or could be a members or representatives of any such hypothetical class.

48. Defendant admits that Plaintiffs seek to certify a class defined by the terms in Paragraph 48. Defendant denies that Plaintiffs are entitled to proceed as a class, or any of the relief sought, and specifically deny that Plaintiffs meet the requirements for class certification in Federal Rule of Civil Procedure 23.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50, including the allegations in subparagraphs i–viii immediately following Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant is without sufficient knowledge as to the allegations in Paragraph 55, and therefore, denies the same.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant admits that it keeps books and records of former employees, but denies that there are any such employees who are "OPC WARN Class members" as alleged in Paragraph 57. Defendant further denies any and all allegations, either express or implied, in Paragraph 57 that are not expressly admitted herein.

58. The allegations in Paragraph 58 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

**COUNT I – [ALLEGED] VIOLATION OF THE WARN ACT – Plant Closing**
**([Purportedly] brought by Plaintiffs themselves and on behalf of the Class)**

59. Defendant repleads and reincorporates its answers to the allegations in Paragraphs one (1) through fifty-eight (58) of the Class Action Complaint, as if fully set forth herein.

60. The allegations in Paragraph 60 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant admits that it formerly employed Plaintiff, but denies the remaining allegations in Paragraph 60 of the Complaint.

61. The allegations in Paragraph 61 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

62. The allegations in Paragraph 62 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

63. The allegations in Paragraph 63 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. The allegations in Paragraph 65 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

66. The allegations in Paragraph 66 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

67. The allegations in Paragraph 67 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

68. Defendant denies the allegations in Paragraph 68.

69. The allegations in Paragraph 69 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

70. The allegations in Paragraph 70 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72, including the allegations in subparagraphs i–iii immediately following Paragraph 72, and further denies that it is liable to Plaintiffs for the relief sought in any way, shape, or form.

**COUNT II – [ALLEGED] VIOLATION OF THE WARN ACT – MASS LAYOFF**
**([Purportedly] pled in the alternative, brought by Plaintiffs themselves and on behalf of the Class)**

73. Defendant repleads and reincorporates its answers to the allegations in Paragraphs one (1) through fifty-eight (58) of the Complaint, as if fully set forth herein.

74. The allegations in Paragraph 74 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant admits that it formerly employed Plaintiffs, but denies the remaining allegations in Paragraph 74 of the Complaint.

75. The allegations in Paragraph 75 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

76. The allegations in Paragraph 76 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same

77. The allegations in Paragraph 77 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. The allegations in Paragraph 79 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

80. The allegations in Paragraph 80 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same

81. The allegations in Paragraph 81 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same

82. The allegations in Paragraph 82 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

84. The allegations in Paragraph 84 comprise legal conclusions to which no response is required. To the extent that a response is required, however, Defendant denies the same.

85. Defendant denies the allegations in Paragraph 85, including the allegations in subparagraphs i–iii immediately following Paragraph 85, and further denies that it is liable to Plaintiffs for the relief sought in any way, shape, or form.

## **PRAYER FOR RELIEF**

Defendant denies that Plaintiffs are entitled to any of the damages or claims for relief requested in the WHEREFORE clause following Paragraph 85, including

subparagraphs i–ix immediately following Paragraph 85, and further denies that it is liable to Plaintiffs in any respect.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiffs request a trial by jury, but denies such entitlement because Defendant is entitled to judgment as a matter of law.

## GENERAL DENIAL

Defendant denies all captions, headings, subheadings, and any and all allegations in the Class Action Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES AND DENIALS

In asserting the defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove. In addition, Defendant is continuing to investigate Plaintiffs' allegations; therefore, Defendant reserves the right to amend its Answer and Affirmative Defenses consistent with the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Florida to assert such other defenses as they become known through the course of discovery. As separate and distinct defenses to the allegations set forth in the Complaint, Defendant asserts the following:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted, either by Plaintiffs or any current or former employee of Defendant who is alleged to be similarly situated. For instance, and without limitation, Plaintiffs have failed to sufficiently allege facts to satisfy the definition of either a "plant closing" or "mass layoff" triggering the WARN Act.

## SECOND DEFENSE

All or part of Plaintiffs' Complaint is untimely and therefore barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiffs' claims fail under 29 U.S.C. § 2102(b)(2). Defendant's actions were caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required.

## FOURTH DEFENSE

Plaintiffs' prayer for attorney's fees is not triable to a jury.

## FIFTH DEFENSE

Plaintiffs' claims fail because even if Plaintiffs experienced damages (which Defendant denies), those alleged damages have no causal relationship with any act or omission by Defendant.

## SIXTH DEFENSE

Defendant made good faith efforts to comply with any and all applicable laws including but not limited to the WARN Act. For instance, it had a reasonable and good faith belief that the subject layoffs did not trigger the WARN Act, or that they fit within the exceptions outlined in 29 U.S.C. § 2102(b), and Defendant provided as much notice regarding its actions as was practicable.

## SEVENTH DEFENSE

Plaintiffs may not maintain this action as a class action because putative plaintiffs are not similarly situated to each other or to any other current or former employee of Defendant for the purposes of the allegations and claims made in this lawsuit.

## EIGHTH DEFENSE

Plaintiffs and putative plaintiffs cannot maintain this purported class action because no common questions of law or fact exist.

## NINTH DEFENSE

Plaintiffs' claims and those of any member of the alleged putative class are barred to the extent they failed to exhaust administrative remedies or to comply with the statutory prerequisites for bringing suit.

# **TENTH DEFENSE**

Plaintiffs cannot establish the requirements under Federal Rule of Civil Procedure 23 for a class action because putative plaintiffs are not similarly situated to each other or the class they seek to represent and a class cannot be maintained because:

a. The proposed class definition is vague and overbroad.

b. Class adjudication is not superior to other methods of adjudication.

c. Individualized questions of fact and law predominate over any common questions of fact and law.

d. Plaintiffs and putative plaintiffs are not proper class representatives in that there would be a conflict of interest between Plaintiffs and some or all of the potential class members, and Plaintiffs' claims are not "typical" or "common" with the claims of the putative class.

e. Putative class members have not suffered a common injury and thus class treatment is not proper under Rule 23(a)(2).

f. Certification under Rule 23(b)(2) is improper because there is no remedy for which monetary damages are merely incidental.

g. Certification under Rule 23(b)(3) is improper because class adjudication is not superior to other forms of adjudication, the class is

not ascertainable, manageable, and both liability and damages would require individual adjudication.

### ELEVENTH DEFENSE

Plaintiffs' claims and those of any current or former employee alleged to be similarly situated are barred by the equitable doctrines of estoppel or unclean hands.

### TWELFTH DEFENSE

Plaintiffs' class claims are barred to the extent Plaintiffs lack standing to bring the proposed class action.

### THIRTEENTH DEFENSE

Plaintiffs and member(s) of the alleged putative class are not entitled to any of the remedies set forth in 29 U.S.C. § 2104.

### FOURTEENTH DEFENSE

Plaintiffs' claims and those of any current or former employee alleged to be similarly situated are barred to the extent Defendant did not employ them during the applicable period.

### FIFTEENTH DEFENSE

Plaintiffs' claims for damages and those of any current or former employee alleged to be similarly situated are barred, in whole or in part, for failure to reasonably mitigate damages.

## SIXTEENTH DEFENSE

Because Plaintiffs' Complaint is phrased in conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved. In particular, but without limitation, Defendant reserves the right to assert affirmative defenses with respect to other laws if and to the extent Plaintiff identifies such laws.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this answer to conform to the evidence or bring any additional defenses that become known during the litigation of this matter.

WHEREFORE, having fully answered and responded to the allegations in Plaintiffs' Complaint, Defendant requests that:

a. Plaintiffs' claims be dismissed with prejudice;

b. Each and every prayer for relief in Plaintiffs' Complaint be denied;

c. Judgment be entered in favor of Defendant and against Plaintiffs;

d. All costs and reasonable attorneys' fees be awarded to Defendant and against Plaintiffs; and

e. Defendant be granted such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 21st day of January, 2026.

> JACKSON LEWIS P.C.
> 501 Riverside Avenue, Suite 902
> Jacksonville, FL 32202
> Telephone: (904) 638-2655
> Facsimile: (904) 638-2656
>
> By: */s/B. Tyler White*
> B. Tyler White
> Florida Bar No. 0038213
> Tyler.White@jacksonlewis.com
> Megan.Pina@jacksonlewis.com
> JacksonvilleDocketing@jacksonlewis.com
>
> JACKSON LEWIS, P.C.
> 390 N. Orange Avenue, Suite 1285
> Orlando, Florida 32801
> Telephone: (407) 246-8440
> Facsimile: (407) 246-8441
>
> James D. McGuire
> Florida Bar No. 1032198
> James.McGuire@jacksonlewis.com
> Shelly.Rundell@jacksonlewis.com
> OrlandoDocket@jacksonlewis.com
>
> *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

This is to certify that on this 21st day of January, 2026, a true and correct copy of the foregoing has been filed via CM/ECF which will serve the following counsel of record:

Deron T. Roberson, Jr.
Aaron C. Roberson
ROBERSON & ROBERSON, P.A.
16057 Tampa Palms Blvd. W. #231
Tampa, FL 33647
deron@robersonpa.com
aaron@robersonpa.com

*Attorney for Plaintiffs*

*/s/B. Tyler White*
Attorney