IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM DEFELICE, et al.,
Individually, and William Defelice on
behalf of all others similarly situated,

        Plaintiffs,

vs.

EASTERN SHIPBUILDING GROUP,
INC., a Florida profit corporation,

        Defendant.
_____/

CASE NO.: 5:25-cv-354-AW-MJF

## PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S IMPROPER AND INSUFFICIENT DEFENSES PURSUANT TO FED. R. CIV. P. 12(f)

Plaintiffs move under Federal Rule of Civil Procedure 12(f) to strike Defendant Eastern Shipbuilding Group, Inc.'s ("ESG") Second, Fourth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, and Sixteenth Defenses, along with ESG's "reservation of rights" language, because those items are not true affirmative defenses, are legally insufficient, and/or fail to provide fair notice as required by Rule 8. Fed. R. Civ. P. 8(b), (c).

### I.    PROCEDURAL HISTORY AND CONFERRAL

On December 12, 2025, Plaintiffs filed their Complaint asserting WARN Act claims based on ESG's termination of employees without providing the required notice. (Doc. 1.) On January 21, 2026, ESG filed its Answer and asserted sixteen numbered "Defenses." (Doc. 12.)

On January 28, 2026, Plaintiffs provided defense counsel a targeted proposed motion to strike and requested a conferral conference. On February 2, 2026, counsel conferred by videoconference but were unable to resolve Plaintiffs' concerns. On February 5, 2026, Plaintiffs sent a follow-up letter memorializing the conferral and posing specific questions designed to permit ESG to cure the notice and legal defects through a short amendment.

**MEMORANDUM OF LAW**

## II. LEGAL STANDARD

Rule 12(f) authorizes the Court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although motions to strike are generally disfavored, they are appropriate where a defense is legally insufficient, where it is not a true affirmative defense, or where it is pled so vaguely that it fails to give fair notice and needlessly expands the case. *See Smith v. Wal-Mart Stores, Inc.*, No. 1:11-cv-226-MP-GRJ, 2012 WL 2377840, at *1–2 (N.D. Fla. June 25, 2012); *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1191–92 (S.D. Fla. 2019).

In addition, affirmative defenses must comply with the general pleading requirements of Fed. R. Civ. P. 8(a), which requires "a short and plain statement" of the asserted defense. Fed. R. Civ. P. 8(a). The rule does not obligate a defendant to set forth detailed and particular facts, but requires only that the defendant give "fair

notice" of the defense and "the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). On the other hand, the party raising the affirmative defense "must do more than make conclusory allegations." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M. D. Fla. 2002). Where the affirmative defenses are no more than "bare bones conclusory allegations, [they] must be stricken." *Id*.

The point is practical: requiring fair notice at the pleading stage avoids surprise and prevents the parties from spending time and money litigating spurious issues. *See Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005). A motion to strike is not limited to evidentiary disputes; it is an appropriate vehicle to eliminate legally inapplicable "defenses," mislabeled denials, and boilerplate reservations that otherwise broaden discovery and create avoidable motion practice.

## III. ARGUMENT

### A. ESG's refusal to replead causes concrete prejudice at the outset of discovery.

ESG characterizes Plaintiffs' motion as a "wording" dispute and suggests Plaintiffs can use Rule 26 discovery to learn the factual basis for every defense. That approach reverses the sequence the Federal Rules contemplate. The pleadings define the issues; discovery follows. When a defendant pleads ambiguous, legally

inapplicable, or "placeholder" defenses, the plaintiff is forced to litigate the meaning of those defenses through discovery and motion practice that should be unnecessary.

Here, the prejudice is concrete. The Ninth Defense pleads "failure to exhaust administrative remedies" in a WARN Act case, where the statute authorizes a private civil action without administrative exhaustion. 29 U.S.C. § 2104(a)(5). Keeping that language in the Answer invites avoidable disputes over non-existent "exhaustion" issues and risks later burden-shifting arguments. Other defenses are pled as conclusory labels (e.g., estoppel/unclean hands; blanket statutory remedies) with no factual nexus, preventing Plaintiffs from tailoring discovery. And ESG's reservation language attempts to preserve an open-ended right to add defenses later, notwithstanding Rule 15 and the Court's scheduling order.

**B. The Second Defense should be stricken (or narrowly repled) because WARN has no express limitations period and ESG's generic pleading preserves every limitations theory without fair notice.**

ESG's Second Defense states: "All or part of Plaintiffs' Complaint is untimely and therefore barred, in whole or in part, by the applicable statute of limitations." (Doc. 12 at 15.) The WARN Act contains no express limitations period; courts borrow an analogous state limitations period as a matter of federal law. *North Star Steel Co. v. Thomas*, 515 U.S. 29, 33–34 (1995). That feature makes this case materially different from many statutes where the limitations period is fixed and known from the face of the claim.

ESG relies on cases recognizing that a generic statute-of-limitations defense can sometimes provide fair notice. *See*, e.g., *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1196 (S.D. Fla. 2019) (denying motion to strike where the statute-of-limitations defense itself provided notice of the issue); *Smith v. Wal-Mart Stores, Inc.*, No. 1:11-cv-226-MP-GRJ, 2012 WL 2377840, at *5 (N.D. Fla. June 25, 2012). ESG also cites a recent decision applying the same principle in a context where a statute has no express limitations provision. *Extropin, LLC v. DP Derm, LLC*, No. 25-cv-20713-BLOOM/Elfenbein, 2026 U.S. Dist. LEXIS 631, at *3–5 (S.D. Fla. Jan. 4, 2026).

Plaintiffs respectfully submit that, in this WARN Act case, a generic "applicable statute of limitations" defense operates as a placeholder for any limitations theory ESG may later choose, because the "applicable" period is itself a disputed issue resolved only after a borrowing analysis.

Because multiple candidate limitations periods may be "applicable" depending on how the claim is characterized under the borrowing framework, ESG's generic reference to "the applicable statute of limitations" does not give Plaintiffs fair notice of what they must meet (or what discovery to target) to address timeliness. Rule 8 requires ESG to affirmatively state the defense, not merely gesture at an unspecified limitations concept. Fed. R. Civ. P. 8(c)(1).

During conferral, Plaintiffs asked ESG to identify (at least) the limitations period ESG contends applies and the accrual/trigger theory it intends to argue. ESG declined to amend its Answer, but offered to "stipulate" outside of the pleadings which limitations period applies—an implicit admission that the Answer does not provide that notice. Plaintiffs respectfully request that the Court strike the Second Defense without prejudice and allow ESG a short period to replead a limitations defense that identifies the specific limitations period and accrual/trigger theory ESG intends to pursue.

Florida federal courts strike shotgun affirmative defenses that invoke an unspecified statutory bar or applicable statutes without identifying the statutory provision(s) on which the defense rests. *See Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1319 (S.D. Fla. 2005); *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1192–93 (S.D. Fla. 2019).

Accordingly, the Court should strike ESG's Second Defense, at minimum without prejudice and with leave to replead a properly identified limitations theory (including the specific statute/limitations period ESG contends applies and the portion(s) of the claim it believes are untimely).

**C. The Fourth Defense is not a defense against liability and should be stricken as immaterial.**

ESG's Fourth Defense asserts: "Plaintiffs' prayer for attorney's fees is not triable to a jury." (Doc. 12 at 15.) This is not a defense to any element of Plaintiffs'

WARN Act claim and does not defeat liability. It is, at most, a legal contention about allocation of decision-making between judge and jury on a post-liability issue. Pleading it as an "affirmative defense" serves no liability-defeating function and clutters the pleadings. The Court should strike the Fourth Defense as redundant and immaterial. Fed. R. Civ. P. 12(f).

### D. The Seventh, Eighth, Tenth, and Twelfth Defenses are Rule 23 arguments or jurisdictional contentions, not affirmative defenses to WARN liability.

ESG's Seventh, Eighth, and Tenth Defenses contend that Rule 23 requirements are not met (commonality, typicality, adequacy, predominance, superiority), and ESG's Twelfth Defense contends Plaintiffs "lack standing to represent the purported class." (Doc. 12 at 16–18.) These are not affirmative defenses to the merits of Plaintiffs' WARN Act claim. They are arguments about class procedure and certification (or, in the case of "class standing," an attack on the Court's jurisdiction that must be raised as such).

Courts in Florida routinely strike similar "procedure" defenses because they "say[] nothing about the merits of the claims" and are not affirmative defenses. *Colon v. Wal-Mart Stores, Inc.*, No. 2:13-cv-464-FtM-29DNF, 2014 WL 1588463, at *3 (M. D. Fla. Apr. 21, 2014) (striking a purported "defense" that challenged class/collective procedures as not an affirmative defense).

ESG's conferral response cites *Raum v. GLJ Two, LLC*, No. 24-80686-CV-MIDDLEBROOKS, 2024 U.S. Dist. LEXIS 252652 (S.D. Fla. Sept. 5, 2024), for

7

the proposition that class certification is a "live question" and may be opposed. Plaintiffs agree. The issue is pleading form and prejudice: ESG has pled certification arguments as merits "defenses," which risks confusing the pleadings and expanding the case.

Likewise, "lack of standing" is not an affirmative defense; it is a subject-matter jurisdiction issue that should be raised by motion practice, and conclusory "standing" defenses are properly stricken (often without prejudice). *Whelpley v. Comenity Bank*, No. 2:18-cv-433-FtM-99MRM, 2018 WL 3629246, at *3 (M. D. Fla. July 31, 2018) (granting motion to strike; explaining affirmative defenses must give fair notice and comply with Rule 8/Rule 12(f) standards)

These defenses should be stricken, without prejudice to ESG raising class certification arguments at the appropriate time in Rule 23 briefing, and without prejudice to any proper jurisdictional motion ESG may file.

**E. The Ninth Defense is legally insufficient because WARN imposes no administrative exhaustion requirement, and ESG's "prerequisites" framing is a mislabeled merits denial.**

ESG's Ninth Defense states: "Plaintiffs' claims and those of any member of the alleged putative class are barred to the extent they failed to exhaust administrative remedies or to comply with the statutory prerequisites for bringing suit." (Doc. 12 at 16.) The WARN Act authorizes an aggrieved person to sue directly in federal court and does not require exhaustion of administrative remedies as a

prerequisite to suit. 29 U.S.C. § 2104(a)(5). Accordingly, the "failure to exhaust administrative remedies" portion of the Ninth Defense is legally inapplicable and should be stricken with prejudice.

ESG's post-conferral position confirms the problem. ESG now says that if no "administrative prerequisites" apply, the Ninth Defense should be read as disputing only "statutory threshold items," such as whether WARN was triggered. That is not an affirmative defense; it is a denial of Plaintiffs' prima facie case. See *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). If ESG intends to deny WARN triggers, it should do so through admissions/denials and other proper denials—not by pleading an "exhaustion/prerequisites" affirmative defense that has no basis in WARN.

Finally, ESG's offer to "stipulate" outside of amending the Answer that it did not intend to assert any administrative prerequisite is not a cure. The pleadings, not an unenforceable gloss offered in correspondence, frame the issues for discovery and motion practice. The Court should strike the Ninth Defense as pled.

**F. The Eleventh and Thirteenth Defenses are conclusory labels that fail to provide fair notice.**

ESG's Eleventh Defense asserts that Plaintiffs' claims are barred "by one or more of the doctrines of waiver, estoppel, or unclean hands," without alleging any supporting facts. (Doc. 12 at 18.) ESG's Thirteenth Defense asserts Plaintiffs "are

9

not entitled to any remedy and/or relief pursuant to 29 U.S.C. § 2104," again without any factual basis. (Doc. 12 at 18.)

These are classic "bare-bones" defenses that do not provide fair notice of what conduct ESG claims constitutes waiver/estoppel/unclean hands, or what specific WARN remedy limitation ESG is invoking and why. Such conclusory defenses are properly stricken (typically with leave to replead) because they do not satisfy Rule 8. *Dionisio*, 391 F. Supp. 3d at 1191–92. Moreover, these are not recognized defenses to a WARN claim.

**G. The Sixteenth Defense and "reservation of rights" language are not defenses and should be stricken.**

ESG's Sixteenth Defense asserts, in substance, that Plaintiffs' claims are barred "by one or more of the defenses set forth above, and/or other defenses," and ESG then purports to "reserve[] the right to assert any and all defenses, affirmative defenses, and/or other matter and to supplement and/or amend this Answer … as permitted by discovery." (Doc. 12 at 18–19.) ESG also includes similar "reservation" language at the outset of its defenses section. (Doc. 12 at 14.)

A purported 'reservation of rights' to assert additional defenses later is not an affirmative defense and is legally ineffective because any new defenses must be added, if at all, through Rule 15; courts therefore strike such clauses as a nullity/surplusage. *See Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc.*, No. 04-60861-CIV-MARTINEZ/KLEIN, 2005 WL 975773, at *12

(S.D. Fla. Mar. 4, 2005); *Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CIV, 2009 WL 2391233, at *4 (S.D. Fla. July 31, 2009); *Curry v. High Springs Fam. Prac. Clinic & Diagnosis Ctr., Inc.*, No. 1:08-cv-00008-MP-AK, 2008 U.S. Dist. LEXIS 99462, at *15–16 (N.D. Fla. Dec. 9, 2008).

Accordingly, ESG's Sixteenth Defense (to the extent it is a catch-all for unspecified defenses) and ESG's reservation-of-rights language should be stricken with prejudice. (Doc. 12 at 14, 18–19.)

## IV. RELIEF REQUESTED

Plaintiffs respectfully request that the Court enter an order striking ESG's Second, Fourth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, and Sixteenth Defenses, as well as ESG's reservation-of-rights language. Plaintiffs further request that (1) the "failure to exhaust administrative remedies" portion of the Ninth Defense and the reservation-of-rights language be stricken with prejudice; and (2) any remaining stricken defenses be stricken without prejudice and with a short deadline to replead if ESG contends it can do so consistent with Rule 8.

## CERTIFICATE OF CONFERRAL

Pursuant to N.D. Fla. Local Rule 7.1, undersigned counsel certifies that counsel for Plaintiffs conferred with counsel for Defendant in a good-faith effort to resolve the issues raised in this motion, and the parties were unable to reach agreement.

**Dated: February 11, 2026**

Respectfully submitted,

***/s/ Deron T. Roberson***
DERON T. ROBERSON
Florida Bar Number 1011941
AARON C. ROBERSON
Florida Bar Number 1018139
**ROBERSON & ROBERSON P.A.**
Email: deron@robersonpa.com
aaron@robersonpa.com
info@robersonpa.com
16057 Tampa Palms Blvd. W. #231
Tampa, Florida 33647
Phone: 813.808.3688
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 11, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

***Deron T. Roberson***
*Attorney*
