UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM DEFELICE, et al.,
Individually, and on behalf of all
others similarly situated,

      Plaintiffs,             CASE NO.: 5:25-cv-354-AW-MJF

vs.

EASTERN SHIPBUILDING
GROUP, INC., a Florida profit
Corporation,

      Defendant.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S IMPROPER AND INSUFFICIENT DEFENSES PURSUANT TO FED. R. CIV. P. 12(f)

Defendant, Eastern Shipbuilding Group, Inc., files its Response to Plaintiffs' Motion to Strike Defendant's Improper and Insufficient Defenses Pursuant to Fed. R. Civ. P. 12(f) ("Motion to Strike") (Doc. 15). In support, Defendant states as follows:

## I. INTRODUCTION

It is axiomatic that "courts disfavor motions to strike and often consider them to be 'time wasters.'" *Smith v. Wal-Mart Stores*, No. 1:11-cv-226-MP-GRJ, 2012 U.S. Dist. LEXIS 87347, at *3–4 (N.D. Fla. June 25, 2012) (quoting *Somerset Pharms., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996)); *Savoia-Mchugh v.*

*Glass*, No. 3:19-cv-2018-MCR/HTC, 2020 U.S. Dist. LEXIS 259834, at *5 (N.D. Fla. Dec. 8, 2020) (holding that a "motion to strike under Rule 12(f) is not favored and is ordinarily considered a **time waster**." (internal quotation marks and citation omitted) (emphasis added)).

Plaintiffs' Motion to Strike is no exception. Rather, their Motion to Strike—which was born purely out of disputes over semantics and idiosyncrasies—is the exception that proves the rule, and it raises issues that are premature for resolution at this stage of the proceedings.

Attempting to avoid bringing these disputes before the Court, counsel for both sides conferred twice—once via an extended video conference on February 2, 2026, at 2:00 p.m., and again via a detailed email from Defendant's counsel to Plaintiffs' counsel on February 6, 2026 (attached as **Exhibit A**), further explaining the precise legal grounds upon which Defendant's position rested. Although Plaintiffs now contend that Defendant's offered stipulations in that email (which were offered solely to avoid engaging in costly motion practice) amount to "implicit admissions" regarding the purported "insufficiencies" in the Answer and Affirmative Defenses ("Answer") (Doc. 12) (*see, e.g.,* Doc. 15 at 6), Defendant was clear (during both the February 2 conferral and in the subsequent email) that: (1) the Answer was sufficient in its current form; and (2) nothing more was required to put Plaintiffs on notice of precisely what Defendant intended to argue in response to their claims. To date,

2

Plaintiffs remain on notice of Defendant's defenses, avoidances, and denials to their claims—nevertheless, they have chosen to expend the parties' and the Court's resources on arguments that are largely regarded as "time wasters." *See Smith*, 2012 U.S. Dist. LEXIS 87347, at *3–4.

## II. FEDERAL RULE OF CIVIL PROCEDURE 8 DOES NOT REQUIRE ANYTHING MORE THAN NOTICE REGARDING DEFENSES

Plaintiffs' Motion to Strike improperly urges the Court to conflate the pleading standard for stating a claim for relief (contained in Rule 8(a)(2)) with the pleading standard for defenses (contained in Rules 8(b) and 8(c)). (*See* Doc. 15 at 2–3). In doing so, Plaintiffs place significant reliance on *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002)—an opinion that is over two decades old and does not clearly represent the prevailing law in this District. There, even the court appeared to conflate the two distinct pleading standards by stating that "an answer . . . must do more than make conclusory allegations" and requiring affirmative defenses to comprise more than "bare bones conclusory allegations." *Id.* That statement, which appears to apply the pleading requirement for **claims** that was later memorialized in *Twombly* and *Iqbal*, is not the rule for defenses. *See generally Smith*, 2012 U.S. Dist. LEXIS 87347, at *5–7.

Although the plain text of Federal Rule of Civil Procedure 8 is enough to reinforce this principle, the court in *Smith* put it best: "Although Rule 8(a)(2) requires a complaint to include a 'short and plain statement of the claim *showing*

3

that the pleader is entitled to relief,' Rules 8(b)(1)(A) and 8(c)(1) only require that a party *states* his defenses." *Smith*, 2012 U.S. Dist. LEXIS 87347, at *6 (quoting Fed. R. Civ. P. 8) (emphasis in original). It follows that "Rule 8 does not obligate a defendant to set forth detailed factual allegations **but only to give the plaintiff fair notice** of the nature of the defense and the grounds upon which it rests." *Smith*, 2012 U.S. Dist. LEXIS 87347, at *7 (emphasis added). Applying the Rule 8 standard correctly, and following *Smith*'s example, courts have declined to strike defenses (even "bare bones" and "conclusory" ones) that are pled in the exact manner as Defendant's.

### III. DEFENDANT'S DEFENSES ARE SUFFICIENT AS PLED

#### A. Second Defense

**Defendant's Second Defense states:** "All or part of Plaintiffs' Complaint is untimely and therefore barred, in whole or in part, by the applicable statute of limitations." (Doc. 12 at 14).

**Response:** As Plaintiffs' Motion to Strike recognizes (*see* Doc. 15 at 5), "'[s]imply stating that Plaintiff[s]' claims are barred by the statute of limitations is sufficient to put Plaintiff[s] on notice of a statute of limitations defense.'" *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1196 (S.D. Fla. July 30, 2019) (quoting *Smith*, 2012 U.S. Dist. LEXIS 87347, at *13); *see also Extropin, LLC v. DP Derm, LLC*, No. 25-cv-20713-BLOOM/Elfenbein, 2026 U.S. Dist. LEXIS

4

631, at *6–7 (S.D. Fla. Jan 4, 2026) (holding same and applying the same principle to the Lanham Act, which also has no statute of limitations provision, and which was therefore governed by Fla. Stat. § 95.11).

Plaintiffs' argument (presumably to assert "prejudice") that "multiple candidate limitations periods may be 'applicable' depending on how the claim is characterized under the borrowing framework" is confusing. (Doc. 15 at 5). A brief review of Fla. Stat. § 95.11 would reveal that the default statute of limitations in Florida (four (4) years under Fla. Stat. § 95.11(3)) is applicable to Plaintiffs' claims because their claims are either: (1) "[a]n action founded on a statutory liability (*see* Fla. Stat. 95.11(3)(e)) because their claims arise under a federal statute, *i.e.*, the WARN Act; or (2) [a]ny action not specifically provided for in these (*i.e.*, the Florida) statutes. (*See* Fla. Stat. § 95.11(3)(o)). Therefore, Plaintiffs either knew or (due to being represented by competent, Florida-licensed counsel) should have known precisely which statute of limitations provision applied prior to filing the Motion to Strike. Accordingly, Plaintiffs' argument on this point is moot.

Notwithstanding, Defendant's Second Defense adequately puts Plaintiffs on notice of its statute of limitations defense as pled. *See, e.g., Dionisio*, 391 F. Supp. 3d at 1196 (denying a motion to strike a defense that stated: "Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to file suit within the applicable statute of limitations period," consistent with the foregoing principles).

5

## B. Fourth Defense

**Defendant's Fourth Defense states:** "Plaintiffs' prayer for attorney's fees is not triable to a jury." (Doc. 12 at 14).

**Response:** Because the Fourth Defense is not an affirmative defense, there is nothing improper about it. Instead, it is a specific denial that Plaintiffs' claim for attorney's fees, which is expressly pled in the Complaint (*see, e.g.,* Doc. 1 at 19), is not an issue that is triable to a jury. Courts routinely treat such defenses as specific denials of the Complaint and decline to strike them because, since they are not affirmative defenses, there is no basis "for finding any one of these defenses clearly invalid as a matter of law." *Savoia-Mchugh*, 2020 U.S. Dist. LEXIS 259834, at *6.

## C. Seventh, Eighth, Tenth, and Twentieth Defenses

**Defendant's Seventh Defense states:** "Plaintiffs may not maintain this action as a class action because putative plaintiffs are not similarly situated to each other or to any other current or former employee of Defendant for the purposes of the allegations and claims made in this lawsuit." (Doc. 12 at 15).

**Defendant's Eighth Defense states:** "Plaintiffs and putative plaintiffs cannot maintain this purported class action because no common questions of law or fact exist." (*Id.*).

**Defendant's Tenth Defense states:**

> Plaintiffs cannot establish the requirements under Federal
> Rule of Civil Procedure 23 for a class action because

6

putative plaintiffs are not similarly situated to each other or the class they seek to represent and a class cannot be maintained because:

a. The proposed class definition is vague and overbroad.

b. Class adjudication is not superior to other methods of adjudication.

c. Individualized questions of fact and law predominate over any common questions of fact and law.

d. Plaintiffs and putative plaintiffs are not proper class representatives in that there would be a conflict of interest between Plaintiffs and some or all of the potential class members, and Plaintiffs' claims are not "typical" or "common" with the claims of the putative class.

e. Putative class members have not suffered a common injury and thus class treatment is not proper under Rule 23(a)(2).

f. Certification under Rule 23(b)(2) is improper because there is no remedy for which monetary damages are merely incidental.

g. Certification under Rule 23(b)(3) is improper because class adjudication is not superior to other forms of adjudication, the class is not ascertainable, manageable, and both liability and damages would require individual adjudication.

(*Id.* at 16–17).

**Defendant's Twelfth Defense states:** "Plaintiffs' class claims are barred to the extent Plaintiffs lack standing to bring the proposed class action." (*Id.* at 17).

7

**Response:** Unless Plaintiffs intend not to seek class certification under Rule 23, whether this case is proceeding on a class basis is very much a live question. (*See, e.g.,* Doc. 1 at 9–12 (setting forth the elements to certify Plaintiffs' claims as a class action under Fed. R. Civ. P. 23)). Therefore, the above defenses bear a clear relation to this controversy, and Defendant has sufficiently put Plaintiffs on notice that it intends to challenge class certification. *See Raum v. GLJ Two, LLC*, No. 24-80686-CV-MIDDLEBROOKS, 2024 U.S. Dist. LEXIS 252652, at *6–7 (S.D. Fla. Sept. 5, 2024) (denying a motion to strike defenses related to class/collective allegations in the complaint because the plaintiffs failed to establish that "this issue has no possible relation to the controversy or fails to provide sufficient notice" of the argument that the defendants intended to make).

Moreover, Defendant's defenses concerning Plaintiff's class allegations are more detailed, more specific, and are materially distinguishable from the stricken defense in *Colon v. Wal-Mart Stores, Inc.*, No. 2:13-cv-464-FtM-29DNF, 2014 U.S. Dist. LEXIS 54972, at *3 (M.D. Fla. Apr. 21, 2014), where the court struck a defense that stated: "The Fair Labor Standards Act's (FLSA) opt-in class procedures are incompatible and irreconcilable with Rule 23, Fed. R. Civ. P., class action provisions." *Id.* Unlike the stricken defense in *Colon*, Defendant has clearly put Plaintiffs on notice of everything that it intends to argue in opposition to class certification. Therefore, it is difficult, if not impossible, to conceive how Plaintiffs

might be prejudiced by these defenses. Additionally, even if these are not considered traditional "defenses," each is a specific denial of Plaintiff's class allegations in the Complaint. *See Savoia-Mchugh*, 2020 U.S. Dist. LEXIS 259834, at *6.

Defendant also could have moved to strike Plantiffs' class allegations—but chose instead to preserve the issue in its Answer for a more appropriate time— because its arguments in support of a motion to strike would have concerned "the merits of Rule 23 class certification" and would be better situated if raised "on the merits of a motion for class certification." *James v. Circle K Stores, Inc.*, No. 1:20-cv-215-MW/GRJ, 2020 U.S. Dist. LEXIS 252173, at *3–4 (N.D. Fla. Sept. 18, 2020) (denying a motion to strike class allegations in a complaint and providing that the appropriate procedure was to raise those arguments in opposition to class certification). Therefore, Defendant made the appropriate decision to preserve its position on class certification as a defense, putting Plaintiffs and the Court on notice of the same, rather than (as Plaintiffs have done) asking the Court to unnecessarily intervene at this early stage.

### D. Ninth Defense

**Defendant's Ninth Defense states:** "Plaintiffs' claims and those of any member of the alleged putative class are barred to the extent they failed to exhaust administrative remedies or to comply with the statutory prerequisites for bringing suit." (Doc. 12 at 15).

9

**Response:** This defense is tailored to a disputed question of fact that is inappropriate to be resolved on a motion to strike at the pleading stage. *See Raum*, 2024 U.S. Dist. LEXIS 252652, at *12–13 (declining to strike a defense in response to an action brought under the Fair Labor Standards Act stating "Plaintiffs have failed to exhaust all remedies, and comply with all prerequisites, prior to commencing this suit . . . .," as Defendant's Ninth Defense does here, because it "sufficiently notifie[d] Plaintiffs of the arguments Defendant[] might raise.")

The WARN Act contains express statutory prerequisites to filing suit, which are enumerated in 29 U.S.C. § 2101. As evidenced by the parties' ongoing conferral on the merits of this case regarding these statutory triggers—*i.e.*, whether there has been a "plant closing" under 29 U.S.C. § 2101(a)(2) or a "mass layoff" within the meaning of 29 U.S.C. § 2101(a)(3) — are issues that are very much in controversy. Because it is not clear that the WARN Act has been triggered in this case, Defendant will not admit that these requirements have been met and it intends to maintain its defenses regarding the same.

Moreover, even if it is not a traditional defense, Defendant's Ninth Defense should not be stricken because it is a specific denial that Plaintiffs satisfy the statutory threshold to bring a claim under the WARN Act as pled in the Complaint. *See Savoia-Mchugh*, 2020 U.S. Dist. LEXIS 259834, at *6. Additionally, the inclusion of the phrase "administrative remedies" in the Ninth Defense, which

Plaintiffs primarily take issue with, is of no consequence because it does not change the fact that Plaintiffs must comply with specific statutory prerequisites to bring their claims, and it does not impose any additional, unnecessary burden on them.

E.  **Eleventh and Thirteenth Defenses**

**Defendant's Eleventh Defense states:** "Plaintiffs' claims and those of any current or former employee alleged to be similarly situated are barred by the equitable doctrines of estoppel or unclean hands." (Doc. 12 at 17).

**Response:** Contrary to Plaintiffs' assertions in the Motion to Strike, Rule 8 does not require Defendant to plead anything further regarding these commonplace affirmative defenses. The Eleventh Defense gives Plaintiffs "fair notice" as currently pled. *See, e.g., Extropin,* 2026 U.S. Dist. LEXIS 631, at *6–7 (holding that "while bare bones and boilerplate, Defendants have placed Plaintiffs on notice that these defenses [(waiver, estoppel, laches, unclean hands, and statute of limitations)] may be raised at trial and have therefore satisfied the pleading burden for affirmative defenses.") (collecting authority). To the extent that Plaintiffs require greater detail, they may use the discovery process to acquire those facts. *Id.* at *6.

**Defendant's Thirteenth Defense states:** "Plaintiffs and member(s) of the alleged putative class are not entitled to any of the remedies set forth in 29 U.S.C. § 2104." (Doc. 12 at 17).

11

**Response:** Similar to Defendant's response to Plaintiffs' position on the Ninth Defense, Defendant is permitted to raise a defense that Plaintiffs are not entitled to relief under 29 U.S.C. § 2104, which is the civil remedy provision of the WARN Act. This defense is tailored to a disputed question of fact that is inappropriate to be resolved on a motion to strike at the pleading stage. *See Raum*, 2024 U.S. Dist. LEXIS 252652, at *12–13. Moreover, even if it is not a traditional defense, Defendant's Thirteenth Defense should not be stricken because it is a specific denial that Plaintiffs are entitled to civil remedies under WARN Act as pled in the Complaint. *See Savoia-Mchugh*, 2020 U.S. Dist. LEXIS 259834, at *6.

### F. Sixteenth Defense and Reservation Language

**Defendant's Sixteenth Defense states:** "Because Plaintiffs' Complaint is phrased in conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved. In particular, but without limitation, Defendant reserves the right to assert affirmative defenses with respect to other laws if and to the extent Plaintiff identifies such laws." (Doc. 12 at 18).

**Defendant's Reservation of Rights states:** "Defendant reserves the right to amend this answer to conform to the evidence or bring any additional defenses that become known during the litigation of this matter." (*Id.*).

**Response:** Courts in this District routinely deny requests to strike reservation language in an answer—even if a mere denial or a meaningless reservation— because, to amend a pleading, parties must still comply with the operative Scheduling Order and Federal Rule of Civil Procedure 15. *Vanderveen v. Allstate Ins. Co.*, No. 3:05cv469-WS/WCS, 2006 U.S. Dist. LEXIS 47654, at *5–6 (N.D. Fla. May 2, 2006), *repot and recommendation adopted by* 2006 U.S. Dist. LEXIS 99793 (N.D. Fla. June 29, 2006); *Savoia-Mchugh*, 2020 U.S. Dist. LEXIS 259834, at *8.

Plaintiffs are in no way prejudiced by Defendant including this commonplace language in the Answer, especially considering that "should Defendant attempt to improperly plead a defense which has been waived by its omission" Plaintiffs may avail themselves of the recourse provided by Federal Rule of Civil Procedure 12 sections (b), (g), and (h). *Vanderveen* 2006 U.S. Dist. LEXIS 47654, at *5.

## IV. CONCLUSION

In sum, Plaintiffs' contrived issues with Defendant's Answer could have been resolved in a number of ways outside of filing the Motion to Strike, which has now resulted in the needless expenditure of valuable time and resources. For all of the foregoing reasons, Plaintiffs' claims of prejudice are unfounded. Because this litigation is still in its infancy, and because Defendant's Answer puts Plaintiffs on sufficient notice of precisely how it intends to defend against the claims raised in the

Complaint, Plaintiffs may conduct tailored discovery and, more appropriately, may address the issues raised in the Motion to Strike at summary judgment. *See Smith*, 2012 U.S. Dist. LEXIS 87347, at *8 ("Motions for summary judgment are a more appropriate mechanism for contesting the merits of affirmative defenses."). Defendant's Answer is a clearly defined pleading—striking it at this stage of the proceedings because of semantics and idiosyncrasies is premature and unwarranted.

WHEREFORE, Defendant respectfully requests that the Court enter an Order: (1) summarily denying Plaintiffs' Motion to Strike; (2) awarding Defendant its reasonable attorneys' fees and costs incurred in preparing this Response; (3) and any such other and further relief as the Court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DATED this 17th day of February, 2026.

        Respectfully submitted,

        JACKSON LEWIS P.C.
        501 Riverside Avenue, Suite 902
        Jacksonville, FL 32202
        Telephone: (904) 638-2655
        Facsimile: (904) 638-2656

        By: */s/ James D. McGuire*
            B. Tyler White
            Florida Bar No. 0038213
            Tyler.White@jacksonlewis.com
            Megan.Pina@jacksonlewis.com
            JacksonvilleDocketing@jacksonlewis.com

            James D. McGuire
            Florida Bar No. 1032198
            JACKSON LEWIS, P.C.
            390 N. Orange Avenue, Suite 1285
            Orlando, Florida 32801
            Telephone: (407) 246-8440
            Facsimile: (407) 246-8441
            James.McGuire@jacksonlewis.com
            Shelly.Rundell@jacksonlewis.com
            OrlandoDocket@jacksonlewis.com

        *Attorneys for Defendant*

# CERTIFICATE OF SERVICE

This is to certify that on this 17th day of February, 2026, a true and correct copy of the foregoing has been filed via CM/ECF which will serve the following counsel of record:

> Deron T. Roberson, Jr.
> Aaron C. Roberson
> ROBERSON & ROBERSON, P.A.
> 16057 Tampa Palms Blvd. W. #231
> Tampa, FL 33647
> deron@robersonpa.com
> aaron@robersonpa.com
> *Attorneys for Plaintiffs*

> */s/ James D. McGuire*
> James D. McGuire

# **EXHIBIT A**

| | |
|---|---|
| **From:** | White, B. Tyler (Jacksonville) |
| **Sent:** | Friday, February 6, 2026 5:47 PM |
| **To:** | Deron Roberson; Aaron Roberson |
| **Cc:** | McGuire, James D. (Orlando) |
| **Subject:** | Defelice v Eastern Shipbuilding |

Deron and Aaron,

Thank you again for taking the time to confer with us on Monday. After further considering your Motion to Strike, we are maintaining our position in opposition. We appreciate that you take issue with the wording of certain of our defenses, denials, or avoidances; however, as previously stated, there is nothing about our pleading in its current form that does not sufficiently put Plaintiffs on notice of what Defendant intends to argue in response to the Complaint. Moreover, as we also explained during our call, a motion to strike is not the appropriate (or most effective) vehicle to address Plaintiffs' concerns with evidentiary support for defenses at this juncture. *See generally Smith v. Wal-Mart Stores*, No. 1:11-cv-226-MP-GRJ, 2012 U.S. Dist. LEXIS 87347 (N.D. Fla. June 25, 2012). Additionally, considering that this case is still in the pleading stage, Federal Rule of Civil Procedure 26 provides Plaintiffs with ample opportunity to discover specific facts related to Defendant's defenses.

Further, to address some of your specific concerns:

1) **Second Defense--Statute of limitations**: *Dionisio* (cited in your brief at *14) supports our position ("Simply stating that Plaintiff's claims are barred by the statute of limitations is sufficient to put Plaintiff on notice of a statute of limitations defense."); *see also Extropin, LLC v. DP Derm, LLC*, No. 25-cv-20713-BLOOM/Elfenbein, 2026 U.S. Dist. LEXIS 631 (S.D. Fla. Jan 4, 2026) (applying the same principle to statutes such as WARN with no statute of limitations provision/those governed by the applicable Florida statute). **We are also happy to stipulate in writing with you (outside of amending the answer) which statute of limitations period applies to Plaintiffs' claims under the Florida Statutes**.

2) **Seventh, Eighth, Tenth, and Twelfth Defenses—Class certification**: As we explained on our conferral call, whether this case is proceeding on a class basis is very much a live question in this matter, unless you intend to not seek certification under Rule 23. Therefore, it bears a relation to this controversy, and Defendant has sufficiently put Plaintiffs on notice that it intends to challenge class certification. *See Raum v. GLJ Two, LLC*, No. 24-80686-CV-MIDDLEBROOKS, 2024 U.S. Dist. LEXIS 252652 (S.D. Fla. Sept. 5, 2024). Even if not, it is a specific denial or avoidance of Plaintiffs' allegations regarding class certification. These defenses in no way serve to confuse or prejudice Plaintiffs.

3) **Ninth Defense—prereqs to filing suit**: WARN has applicable statutory elements/prerequisites to filing suit. Those issues are very much in controversy as we have not and will not admit that they have been met. Although you may disagree with our drafting to include "administrative" prerequisites in a phrase that also very clearly states "statutory" prerequisites, this is not a justifiable basis for a motion to strike. If there are no administrative prerequisites that apply, then it is clear that we seek to challenge only the other statutory threshold items—a statutory

1

threshold, which, by the way, we are presently conferring over—*i.e.*, whether there have been any WARN triggers. Moreover, even if this is not an affirmative defense, it is a specific denial that Plaintiffs satisfy the statutory threshold to bring a claim under the WARN Act. **We will stipulate in writing (outside of amending the answer) that we only mean this defense to include our challenge to the applicable statutory prerequisites under the WARN Act.**

4) **Reservation language**: Judges in the Northern District routinely deny requests to strike reservation language in an answer, considering that to amend a pleading, parties must still comply with the Scheduling Order and Federal Rule of Civil Procedure 15. *Vanderveen v. Allstate Ins. Co.*, No. 3:05cv469-WS/WCS, 2006 U.S. Dist. LEXIS 47654 (N.D. Fla. May 2, 2006); *Savoia-Mchugh v. Glass*, 3:19cv2018-MCR/HTC, 2020 U.S. Dist. LEXIS 259834 (N.D. Fla. Dec. 8, 2020). **We will stipulate in writing (outside of amending the answer) that we may only amend our answer in accordance with the applicable rules of procedure.**

After considering the foregoing, in addition to the representations from our call on Monday, if you still need to bring these issues before the Court, we are more than prepared to respond and fully brief our opposition for the Court's consideration. Please let us know if you have any questions.



**B. Tyler White** (Tyler)
Attorney at Law

**Jackson Lewis P.C.**
501 Riverside Avenue
Suite 902
Jacksonville, FL 32202
Direct: (904) 638-2665 | Main: (904) 638-2655
Tyler.White@jacksonlewis.com | www.jacksonlewis.com