# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

WILLIAM DEFELICE, et al.,

    Plaintiffs,

v.                                                Case No. 5:25-cv-354-AW-MJF

EASTERN SHIPBUILDING GROUP, INC.,

    Defendant.

_____/

## ORDER REGARDING MOTION TO STRIKE

       This is a WARN Act case. Plaintiffs—on behalf of themselves and a putative class—seek back wages and other relief. Pending now is Plaintiffs' Rule 12(f) motion to strike certain "improper and insufficient" defenses. ECF No. 15. Plaintiffs contend Defendant's Second, Fourth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, and Sixteenth Defenses "are not true affirmative defenses, are legally insufficient, and/or fail to provide fair notice as required by Rule 8." *Id.* In response, Defendant correctly notes that motions to strike are disfavored. ECF No. 16 at 1. Defendant also correctly notes that motions to strike denials masquerading as affirmative defenses can be "time wasters." *Id.* And it details some efforts it made to resolve the issue without court involvement. *Id.* at 2.

1

Both sides are right to some extent. Many of the "affirmative defenses" Defendant asserts are not affirmative defenses at all. For example, the Seventh and Eighth defenses just say there can be no certified class because there is no commonality or typicality. ECF No. 12 at 15. Defendant need not plead either as a "defense" to class certification. They may argue those points when and if Plaintiffs move for class certification (on which Plaintiffs will have the burden). Similarly, the Twelfth defense says Plaintiffs lack standing. *Id.* at 17. Standing is an essential requirement for this court's jurisdiction. Thus, lack of standing is not an affirmative defense. It is clear Defendant pleaded defenses it should not have. Indeed, rarely will any case involve sixteen proper affirmative defenses.

Still, striking non-defense defenses rarely does much good. With respect to the examples above, Plaintiffs can hardly show prejudice from the status quo. They say they fear these defenses "risk[] confusing the pleadings and expanding the case," ECF No. 15 at 8, but they do not explain what that means. And so "long as the [answer] clearly indicates the allegations in the complaint that are intended to be placed in issue" and "the plaintiff has been given 'plain notice' of the matters to be litigated," the improper designation of a denial as an affirmative defense does not complicate the case. 5 Wright & Miller, Fed. Prac. & Proc. § 1269 (4th ed.). The same is true of the (meaningless) reservation of rights "defense": Defendant is

(generally) stuck with the pleaded affirmative defenses, and any amendment is constrained by Rule 15 and the scheduling order.

I do agree Plaintiffs are entitled to know the precise statute of limitations underlying the statute-of-limitations defense. (This is an actual affirmative defense.) And now they do: Defendant has provided notice that it relies solely on the four-year period in Florida Statutes § 95.11. ECF No. 16 at 5. If Defendant intends to rely on any other, it must seek to amend its answer.

I also agree Plaintiffs are entitled to notice about any defense based on failure to exhaust. As I read Defendant's response (ECF No. 16 at 10), they do not actually assert such a defense. Instead, they say they deny "that Plaintiffs satisfy the statutory threshold to bring a claim under the WARN Act as pled in the Complaint." *Id.* That, of course, is not a defense. Nonetheless, to avoid confusion going forward, the court will strike the Ninth Defense. If Defendant has some actual failure-to-exhaust issue, it may seek to amend its answer.

The assertion of estoppel or unclean hands is sufficient. Notably, Defendant did not provide any detail in its response, and given the boilerplate nature of the rest of its answer, perhaps it has not formulated any such defense. But a simple interrogatory asking about that would provide Plaintiffs the answers they say they need.

The motion to strike (ECF No. 15) is GRANTED in part. The Ninth Affirmative Defense is stricken. The motion is otherwise DENIED.

SO ORDERED on February 24, 2026.

s/ *Allen Winsor*
Chief United States District Judge